Filed 12/17/25  P. v. Escobar CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>RUTILIO ESCOBAR,<br><br>        Defendant and Appellant. | A172325<br><br>(Mendocino County<br>Super. Ct. No. 24CR03864) |

Defendant Rutilio Escobar appeals a judgment entered upon his plea of no contest to seven counts resulting from two instances in which he drove under the influence of alcohol.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has been apprised of his right personally to file a supplemental brief, but he has not done so.

***Allegations Against Defendant***

Defendant was charged by information with felony evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 1);[1] felony driving in the wrong direction while evading a peace officer (§ 2800.4; count 2); two counts of misdemeanor driving under the influence of alcohol (§ 23152, subd. (a);

---

[1] All undesignated statutory references are to the Vehicle Code.  All rule references are to the California Rules of Court.

counts 3 & 6); two counts of misdemeanor driving with .08 percent or more of blood alcohol (§ 23152, subd. (b); counts 4 & 7); and misdemeanor driving with a license suspended for refusing a chemical test (§ 14601.5, subd. (a); count 5). Counts 1 through 5 were alleged to have taken place on April 6, 2024, and counts 6 and 7 were alleged to have occurred on January 19, 2024.

As to all causes of action, the information alleged two prior offenses: that defendant was convicted of misdemeanor "wet reckless" driving (§§ 23103/23103.5, subd. (a); 23540) in 2017, and that he was convicted of misdemeanor driving under the influence of alcohol (§ 23152, subd. (b); § 23546, subd. (a)) in 2016. As to counts 6 and 7, the information alleged defendant had a blood alcohol content of 0.15 or higher (§ 23578) and that he willfully refused to submit to a chemical test (§ 23612, subd. (a)(1)(A)). The information also alleged five possible circumstances in aggravation: that the crimes involved a threat of great bodily harm (rule 4.421(a)(1)); that consecutive sentences could be imposed (rule 4.421(a)(7)); that the crime involved planning (rule 4.421(a)(8)); that defendant's prior convictions were numerous or of increasing seriousness (rule 4.421(b)(2)); and that defendant's prior performance on probation or other supervision had been unsatisfactory (rule 4.421(b)(5)).

### *Evidence of Counts 1 through 5*

Evidence at the preliminary hearing showed that on April 6, 2024, a police officer saw a Chrysler Sebring being driven erratically and "jerk[ily]." The officer began to follow the car and activated his patrol vehicle's lights. The driver of the Chrysler, identified as defendant, made an excessively wide right turn onto another street, nearly striking a fence and facing oncoming traffic. The officer continued to follow and activated his siren, but defendant did not stop. He made another right turn that was so wide his car again

2

faced oncoming traffic.  He approached an intersection and failed to come to a complete stop before the limit line, then made a "very sharp" right-hand turn that required him to brake abruptly and move to the left quickly to avoid striking a parked vehicle.

The Chrysler eventually came to a stop, and the officer detained defendant, who had watery and bloodshot eyes, smelled of alcohol, and spoke slowly and "thick[ly]."  Defendant did not have a valid driver's license.  A blood test showed a blood alcohol level of 0.336 percent.

### *Evidence of Counts 6 and 7*

On January 19, 2024, a police officer was dispatched to investigate a report of a driver sleeping behind the wheel of a Chrysler Sebring that was stopped in the middle of a roadway, about four or five feet from a curb that was painted red.  When the officer arrived, the Chrysler's engine was running and defendant appeared to be either asleep or passed out in the driver's seat.  The officer asked defendant multiple times to step out of the car, and when defendant did so he stumbled and had to brace himself against the backrest of the driver's seat to stand up.  Defendant said something like, " 'I was home, I don't know how my car got here.' "  He refused to take a field sobriety test.  A blood test revealed a blood alcohol level of 0.261 percent.

### *Plea and Sentencing*

Defendant entered an "open" plea of no contest to all charges and admitted all special allegations of the information, and he signed plea forms to that effect.  At the hearing, he additionally admitted to the five factors in aggravation; his attorney explained that the plea left to the trial court's discretion whether to apply those factors.

At the sentencing hearing, the trial court denied probation and imposed the upper term of three years for count 2, imposed and stayed the two-year

middle term for count 1, imposed and stayed six-month terms for counts 3 and 6, and imposed concurrent six-month terms for counts 4, 5, and 7, for a total term of three years.  It also awarded custody credits, imposed the minimum restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)), imposed and suspended a $300 parole revocation fine (Pen. Code, § 1202.45), and imposed other fees.  In selecting this sentence, the trial court cited defendant's criminal history, his repeated violations of probation and other alcohol-driving offenses, his high alcohol level, and the danger he posed to the community.

Defendant was represented by counsel, and he was informed of his constitutional rights and the consequences of conviction before entering his plea.  We see no error or abuse of discretion in the trial court's rulings.  There are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.


TUCHER, P. J.


WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.


*People v. Escobar* (A172325)